**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3470-24

VALDIR BATAGLIA,

    Plaintiff-Respondent,

v.

MID-ATLANTIC MARINE and
JOSEPH SAVARYN, individually,[1]

    Defendants-Appellants.

_____

Submitted May 13, 2026 – Decided June 4, 2026

Before Judges Mayer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-2682-21.

The Law Office of Patrick Trainor, LLC, attorneys for appellants (Patrick Trainor, on the briefs).

Lueddeke Law Firm, attorneys for respondent (Karri Lueddeke, on the brief).

PER CURIAM

---

[1] Joseph Savaryn was improperly pled as Joseph Savnzu.

Defendants Mid-Atlantic Marine and Joseph Savaryn appeal from the June 19, 2025 order denying their motion to vacate judgment and a writ of execution and granting plaintiff's Valdir Bataglia's cross-motion to sell defendants' real property and requiring defendants to provide information regarding personal property to be used to satisfy the judgment.[2]  Because we conclude the court did not abuse its discretion in denying defendants' motion to vacate the judgment, we affirm.

On August 2, 2021, plaintiff filed a complaint in the Law Division naming defendants.  Plaintiff stated Mid-Atlantic Marine was a corporation, limited liability corporation, or sole proprietorship owned or controlled by Savaryn.

In plaintiff's five count complaint, he alleged defendants violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -233 (NJCFA); committed common law fraud; breach of contract; negligence; and unjust enrichment arising out of a contract that required defendants to "remove the current engines from plaintiff's boat, install new OEM long block engines into the boat and

_____

[2] On appeal, defendants have not briefed issues regarding the writ of execution. Thus, those issues are deemed waived on appeal.  See N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505-06 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

A-3470-24

conduct a sea trial with" plaintiff. Plaintiff alleged various damages as a result of defendants' actions or inactions.

On August 13, 2021, Savaryn was served with the summons and complaint, in his individual capacity and as the sole managing agent for Mid-Atlantic Marine. In November 2021, default was entered against defendants because they failed to file an answer or otherwise defend.

In February 2022, the parties unsuccessfully attempted to mediate the matter. In March 2022, plaintiff filed a complaint and summons against Savaryn[3] in municipal court. Plaintiff alleged Savaryn violated N.J.S.A. 2C:20-6, theft of property. The municipal court required Savaryn to return plaintiff's items. The prosecutor concluded the matter was a civil dispute and the State could not prove a criminal case.

In May 2022, plaintiff's Law Division complaint was dismissed without prejudice for lack of prosecution. In August 2022, on notice to defendants, plaintiff moved to vacate the dismissal and for permission to proceed to default judgment. According to plaintiff's counsel's certification, despite the engines being returned, the Law Division matter was "still not resolved regarding [p]laintiff's claim for monetary damages."

---

[3] Joseph Savaryn was improperly pled as Joseph Saunzu.

A-3470-24

In a September 2022 written decision, the court found plaintiff was "blameless," noting "[t]he parties [had] engaged in good faith settlement negotiations that failed," and defendants would not be prejudiced by "reinstatement." In its September 9, 2022 order, the court vacated the dismissal and reinstated default against defendants but denied plaintiff's request for a default judgment as premature.

Plaintiff, on notice to defendants, requested a proof hearing concerning the matter. In its September 15, 2022 order, the court scheduled a proof hearing for October 28, 2022. The court's order compelled "[p]laintiff . . . [to] comply with the service requirements of Rule 4:43-2(b) prior to conduct of the scheduled proof hearing." On September 19, 2022, plaintiff, by letter, notified defendants of the scheduled proof hearing.

On October 21, 2022, plaintiff filed exhibits for the proof hearing and provided the court with a copy of the September 19, 2022 letter to defendants. On October 28, 2022, the court held a proof hearing. Defendants did not attend the proof hearing. The court's order entered judgment "in favor of [p]laintiffs and against [d]efendants, jointly and severally, in the amount of $102,652.74." Further, the order provided that plaintiff's "[c]ounsel may submit a motion

seeking reimbursement of counsel fees, consistent with the" NJCFA. On November 1, 2022, plaintiff served defendants with the October 2022 order.

Plaintiff, on notice to defendants, moved for the award of attorney's fees and costs. Defendants did not oppose the motion. On January 6, 2023, the court entered an amended order for judgment and an award of attorney's fees to plaintiff's counsel. The amended order provided defendants were jointly and severally liable for plaintiff's attorney's fees in the amount of $4,875 and costs in the sum of $542.92.

In May 2023, plaintiff, on notice to defendants, moved to enforce litigant's rights to compel defendants' compliance with an information subpoena and to submit to depositions. In response, defendants filed opposition to plaintiff's motion and requested the court vacate the judgment, prevent plaintiff's levy on their property, and for permission to file an answer.

On June 23, 2023, the court heard the parties' arguments. The court considered defendants' filing a "request," rather than a cross-motion, "to vacate the default judgment." Despite the "significant and substantial procedural" issue raised by defendants' failure to file a cross-motion in accordance with Rule 1:6-2, the court considered defendants' "request as if it were a cross[-]motion" under Rule 4:50-1(f).

Defendants argued the complaint included spelling errors regarding their names. They acknowledged being served with the summons and complaint, attending mediation, and appearing in municipal court regarding plaintiff's claims for the return of the engines. However, defendants argued the resolution of the municipal court matter led them to "believe" the Law Division matter was settled. Defendants asserted the totality of the circumstances presented "good cause" for relief under Rule 4:50-1(f).

The court found it undisputed that the complaint had been served on defendants twenty-two months earlier. Further, despite the passage of "plenty of time," default was entered against defendants because they never appeared. In addition, after proper service of a motion to reinstate the complaint and to enter default judgment, plaintiff was permitted to proceed at a proof hearing. The court held a proof hearing following service on defendants.

Moreover, the court noted absent from defendants' request was any assertion that they: "did[ no]t receive the complaint"; "did[ no]t receive the orders"; or "did[ no]t know about this litigation." The court found these omissions were "critically important to [its] determination."

The court stated motions to vacate default judgments "are to be viewed with great liberality, and every reasonable ground for indulgence is tolerated to

6

the end that a just result is reached[,]" (citing <u>Marder v. Realty Constr. Co.</u>, 84 N.J. Super. 313 (App. Div. 1964)). The court found defendants failed to establish reasonable grounds.

Moreover, the court stated <u>Rule</u> 4:50-1(f) provides "the catch-all, any reason justifying relief from operation of a judgment." However, the court noted "the essence of this subsection is to catch the 'exceptional situations' to achieve equity and justice," (citing <u>Court Inv. Co. v. Perillo</u>, 48 N.J. 334 (1966)). The court found:

> There is nothing exceptional here. We have . . . defendant[s] who w[ere] recalcitrant, who chose to put their head in the sand, who chose not to participate in litigation for nearly two years, despite being served with the complaint, despite being served with the motion for a proof hearing, despite being served with the order of the proof hearing, and only now that judgment is sought to be enforced, comes out of the woodwork two years and now puts forward, really, makeweight arguments on semantics.
>
> There[ i]s no issue with service. . . .– [A]nd even beyond issues with service, there[ i]s no contention that they didn't know about this litigation. Rather, they[ a]re focusing on misspelling and semantics.
>
> And the timeline is incredibly important. The matter was dismissed without prejudice for failure to prosecute, reinstated. Again, no contention that the defendants were[ no]t aware of that. They just chose not to participate.

A-3470-24

> They made a conscience choice to hope it would all blow over, a strategic decision, if you will, fully aware of what was being requested under . . . [the] statutes. And there . . . was a mediation [attended by the parties] . . . .

The court concluded defendants' argument under Rule 4:50-1(f) failed because their assertion regarding misspellings was "semantics" and defendants never denied being served. Further, while the court noted the parties were involved in the municipal court litigation, there was "no basis" for defendants' belief that the municipal court litigation "resolved everything."

In June 2025, defendants moved to vacate the judgment. Plaintiff cross-moved for an order to sell defendants' real property to satisfy the judgment. On June 19, 2025, the court heard the parties' arguments on the motions. The court provided its decision on the record. Regarding defendants' motion to vacate the judgment, the court found that motion had already been denied. The court found a prior court had considered arguments that were "exactly the same" and issued "a very poignant oral" decision. The court recognized "an allegation that there was some attempt to settle the case in [m]unicipal [c]ourt" but found there was "no signed settlement agreement" and "nothing presented to [the prior court] that . . . formed the basis of a valid settlement agreement under which the terms of the judgment could be

questioned." Therefore, to the extent defendants had moved for reconsideration of the prior order, the court determined it was "improperly filed," barred by "res judicata," and the prior order would "stand[]."

On appeal, defendants argue the judgment "must be vacated, because it was improperly entered and [wa]s procedurally defective." Defendants contend, for the first time on appeal, plaintiff "did not serve a notice of motion in accordance with Rule 4:43-2 and [plaintiff] failed to comply with the [c]ourt's [o]rder that required [plaintiff] to serve a separate notice of motion that complied with R[ule] 4:43-2." In addition, defendants allege the court erred in denying their motions for relief under Rule 4:50-1 because Savaryn "reasonably believed the matter was settled when he returned the boat motors" after the municipal court matter was dismissed.

"It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)); see also Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (same).

We review "[t]he trial court's determination under [R]ule [4:50-1 with] . . . substantial deference, and [will] not . . . reverse[] unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Rule 4:50-1 "is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Baumann v. Marinaro, 95 N.J. 380, 392 (1984) (quoting Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977)). Therefore, "[c]ourts should use Rule 4:50-1 sparingly [and only] in exceptional situations . . . in which, were it not applied, a grave injustice would occur." Badalamenti v. Simpkiss, 422 N.J. Super. 86, 103 (App. Div. 2011) (alterations and omission in original) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994)).

Under Rule 4:50-1(f), a trial court may relieve a party from an order for any "reason justifying relief from the operation of the . . . order." "[R]elief from judgments pursuant to R[ule] 4:50-1(f) requires proof of exceptional and compelling circumstances." Harrington v. Harrington, 281 N.J. Super. 39, 48 (App. Div. 1995). "To decide whether to vacate . . . under the Rule [4:50-1(f)], courts consider, among other equitable factors, the extent of the delay in applying for relief, the applicant's fault or blamelessness, and any prejudice to the other party." 257-261 20th Ave., Realty, LLC v. Roberto, 259 N.J. 417, 436 (2025).

Our analysis begins with defendants' arguments, admittedly raised for the first time on appeal, concerning plaintiff's compliance with Rule 4:43-2. These arguments were not raised with the court in June 2023 or 2025. Instead, defendants' arguments then were tethered to whether the matter was settled in the municipal court proceeding and the importance of misspellings in the complaint. The court concluded there was no settlement and the misspellings were mere semantics given that defendant was served with the complaint, participated in mediation, and was provided with notice throughout the proceeding. Because defendants' arguments under Rule 4:43-2 do not raise

questions concerning the "jurisdiction of the trial court" nor "concern matters of great public interest," we decline to consider them here. Nieder, 62 N.J. at 234.

We add that the court did not abuse its discretion in denying defendants' request to vacate the judgment in 2023 nor its motion to vacate the judgment in 2025. Instead, the court considered defendants' arguments; applied the relevant Rule and case law; and provided a reasoned explanation for its decision. Nothing further is required and there is nothing unjust about this result.

To the extent we have not addressed any of defendants' remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division